UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JIMMY LEROY RAMSEYER,<br><br>Petitioner,<br><br>v.<br><br>PAT GLEBE,<br><br>Respondent. | CASE NO. C12-5317 BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br><br>OCTOBER 19, 2012 |

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge, J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636 (b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction. Thus, the petition is filed pursuant to 28 U.S.C. § 2254.

Respondent has filed an answer showing that the petition is a second or successive petition (ECF No. 14). Petitioner did not respond or file a traverse. Under Ninth Circuit Rules the petition must be transferred to the Ninth Circuit. The Court recommends that the Clerk's Office be directed to close the file and refer the petition to the Ninth Circuit.

PRIOR FILINGS

In 2005, petitioner filed a habeas corpus petition that challenged the same conviction as the one he challenges today. *See*, *Ramseyer v. Smelser*, C05-5006 FDB-KLS. The Court denied the petition on the merits (05-5006FDB ECF No. 49). Petitioner's third ground for relief in his prior petition contained a claim that his conviction violated due process because the Washington Court held that stipulated facts agreed to pursuant to Cr. R. 4.5 (g) were not binding on the state at trial (05-5006FDB ECF No. 1, page 8 of 76). That is the same ground for relief raised in the current petition (ECF No. 1, page 4). This petition appears to be a second or successive petition on a previously litigated ground for relief.

If a petition is second or successive, then petitioner must seek authorization from the Court of Appeals before filing the new petition with the district court. 28 U.S.C. § 2244 (b) (3) (A).

Ninth Circuit Rule 22-3 (a) provides guidance:

> Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.

The Court recommends that this petition be referred to the Ninth Circuit and that the file be administratively closed without deciding whether the petition should be dismissed.

Pursuant to 28 U.S.C. § 636 (b) (1) and Fed. R. Civ. P. 72 (b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636 (b) (1) (C). Accommodating the time limit

imposed by Fed. R. Civ. P. 72 (b), the clerk is directed to set the matter for consideration on October 19, 2012, as noted in the caption.

Dated this 26th day of September, 2012.

J. Richard Creatura
United States Magistrate Judge